UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| WILLIE R. GRIFFIN,<br>    *Plaintiff*,<br><br>v.<br><br>PASSPORT CENTER LA CA, ET AL.<br>    *Defendants*. | No. 3:19-cv-953 (VAB) |
|---|---|

**ORDER DISMISSING CASE**

On June 19, 2019, Willie R. Griffin ("Plaintiff"), proceeding *pro se*, brought a civil rights Complaint under 42 U.S.C. § 1983. Compl., ECF No. 1 (June 19, 2019). On the same day, he also filed a motion for leave to proceed *in forma pauperis* ("IFP motion") and a motion for a polygraph "admittion." Docket Entries, ECF Nos. 2-3 (June 19, 2019).

On July 11, 2019, Mr. Griffin called the Clerk's Office, resulting in the following docket entry: "Mr. Griffin called on 7/11/2019 to see if the Court received his complaint. Confirmed that he has an open case and per his request mailed [Docket Entries] 4 [Order on Pretrial Deadlines], 5 [Electronic Filing Order for Counsel], and 6 [Standing Protective Order] to him at Willie R. Griffin, 1055 N. Vignes St, Los Angeles, CA 90012." Docket Entry (Staff Notes) (July 12, 2019).

Mr. Griffin filed two more notices and another motion to give a polygraph "admittion" test. Docket Entries, ECF Nos. 7-9 (Aug. 23, 2019-Sept. 10, 2019).

On September 13, 2019, the Court referred his IFP motion to the Honorable William I. Garfinkel, Order Referring Case, ECF No. 10 (Sept. 13, 2019), and the order was mailed to him at his address of record, Docket Entry (Staff Notes) (Sept. 16, 2019).

1

On September 18, 2019, Judge Garfinkel granted the IFP motion, Order, ECF No. 11 (Sept. 18, 2019), but recommended that Mr. Griffin's Complaint be dismissed for improper venue under 28 U.S.C. § 1391 and failure to state a claim under 28 U.S.C. § 1915(e)(2)(b), Recommended Ruling, ECF No. 12 (Sept. 18, 2019) ("Recommended Ruling"). The Recommended Ruling stated that any objection must be filed within fourteen days of service. *Id.*

On October 3, 2019, the Court adopted Judge Garfinkel's Recommended Ruling, and directed the Clerk of Court to close the case. Order, ECF No. 13 (Oct. 3, 2019). The Court also found as moot the two pending motions related to polygraph tests. Order, ECF No. 14-15 (Oct. 3, 2019). Docket entries 13, 14, and 15 were mailed to Mr. Griffin at his office of record. Docket Entry (Staff Notes) (Oct. 15, 2019).

On October 31, 2019, the Court ordered that Mr. Griffin could move to reopen the case and file an objection to the Recommended Ruling, because due to an error, Docket Entries 11 and 12 (the Recommended Ruling) were not mailed to Mr. Griffin before the case was closed. Order, ECF No. 16 (Oct. 31, 2019). On the same day, Docket Entries 11, 12, and 16 were mailed to Mr. Griffin at his address of record. Docket Entry (Staff Notes) (Oct. 31, 2019).

On December 16, 2019, the last mailing to Mr. Griffin was returned by the postal service and "marked as deliverable because [n]ot deliverable as addressed." Docket Entry (Staff Notes) (Dec. 16, 2019).

On January 24, 2020, Mr. Griffin filed four notices and another rmotion for a polygraph test. Docket Entries, ECF Nos. 17-21 (Jan. 24, 2020). The Clerk of Court received the envelope containing the filings from the following address: "Willie R. Griffin, General Delivery, Omaha, NE 68108." Notice, ECF No. 17 (Jan. 24, 2020).

The "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

With *pro se* litigants, this Court must liberally construe their filings to raise the "strongest arguments it suggests." *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman,* 470 F.3d at 474).

Because Mr. Griffin never received the Recommended Ruling, due first to an error and second to an undeliverable address, Mr. Griffin did not receive notice of it in order to make a valid objection. Nevertheless, it was Mr. Griffin's responsibility to update his address.

In one notice, Mr. Griffin writes of this attempt to do so:

> I put in a change of address on 11-5-2019, and thay [sic] never gave me a conformation [sic] letter, so I put in another one on 12-2-2019 I talk to the Desk Clerk in the Post Office Genral [sic] Delivery peciffic [sic] street Omaha Ne [sic] 68109. Know [sic] mail came thair [sic]. I came back to the Post to check my mail, and the Desk Clerk told me know [sic] mail came thair [sic].

Notice, ECF No. 18 at 2.

Mr. Griffin's submissions, even "construed liberally," *see Triestman*, 470 F.3d at 474, are meritless. Under Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, service is made by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Although Mr. Griffin notes his incorrect attempts to change his address, seemingly at a post office in Omaha, Nebraska, this does not detract from the fact that Mr. Griffin knew how to contact the Clerk of Court. Significantly, he called on July 11, 2019, to inquire about his case,

3

and additional documents were mailed to him per his request. Docket Entry (Staff Notes) (July 12, 2019). In addition, even though he did not receive notice of the Recommended Ruling, there is no evidence that Mr. Griffin did not have notice of the Court's order referring his IFP motion to Judge Garfinkel, the Court's order adopting the Recommending Ruling and dismissing his case, or the two orders finding as moot his motions requesting polygraph tests. *See* Docket Entries (noting that these orders were mailed to Mr. Griffin, and no note that they were returned as undeliverable). In fact, all of these documents were mailed to his address of record before his first alleged attempt to change his address at the post office on November 5, 2019.

As a result, because Mr. Griffin has demonstrated his ability to contact the Clerk of Court and request mailings sent to him at his address on record, and did not change his address, the Court finds no merit in his submissions, especially because he still has not provided an updated mailing address.

Accordingly, because "service is complete upon mailing," Fed. R. Civ. P. 5(b)(2)(C), for the same reasons as stated in the Recommended Ruling, ECF No. 12, this case must be dismissed for both improper venue under 28 U.S.C. § 1391 and failure to state a claim under 28 U.S.C. § 1915(e)(2)(b).

For the reasons stated above, and to the extent this case has not been dismissed and closed, the Court orders that Mr. Griffin's case be dismissed and closed.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of January, 2020.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

4